IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES OWENS,

      Plaintiff,               No. 2:12-cv-2118 GEB CKD PS

      vs.

C. MORGAN, et al.,

      Defendants.        FINDINGS AND RECOMMENDATIONS

_____/

      Plaintiff is proceeding in this action pro se and in forma pauperis. Plaintiff has filed an amended complaint.

      The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

/////

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

In the amended complaint, plaintiff alleges that his constitutional rights were violated in connection with a criminal complaint filed against him after he had some interactions with officers of the California Highway Patrol regarding a stolen vehicle. It appears plaintiff is seeking damages arising out of a prosecution of plaintiff pursuant to information provided by the defendant California Highway Patrol officers to the district attorney. Plaintiff alleges that the defendant officers have made false statements in connection with the prosecution. Plaintiff was previously advised that plaintiff's claims are barred under Heck v. Humphrey, 512 U.S. 477 (1994). In the Heck case, the United States Supreme Court held that a suit for damages on a civil rights claim concerning an allegedly unconstitutional conviction or imprisonment cannot be maintained absent proof "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck, 512 U.S. at 486.

\\\\\

1       Under <u>Heck</u>, the court is required to determine whether a judgment in plaintiff's favor in this case would necessarily invalidate his conviction or sentence. <u>Id</u>. If it would, the complaint must be dismissed unless the plaintiff can show that the conviction or sentence has been invalidated. This court finds that plaintiff's action would implicate the validity of any conviction under the charges arising from the allegedly false statements of the officers. Plaintiff's amended complaint does not allege that the charges have been dismissed or that his conviction on those charges has been invalidated. This action is therefore barred under <u>Heck</u>.

      Although advised of the deficiencies in his pleadings, plaintiff's amended complaint does not address the <u>Heck</u> bar. It appears further amendment would be futile.

      Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed.

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 2, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4
owens.ifp-lta